Case No. MJ 14-00030 JPD

## SECOND AFFIDAVIT OF PROBABLE CAUSE

TO: Office of Chief Judge    Ref. #14-CR-27-E
U.S. District Court    (USDC/DWY)
700 Stewart Street
Seattle 98101
Washington State, USA

FROM: Paul Andrew Mitchell, B.A., M.S.
FDC SeaTac Reg. No. 44202-086, Unit "EA"

SUBJECT: ongoing investigation of missing and/or defective credentials, w/ DOJ

Greetings Your Honor:

Start by reviewing Martinez v. Winner, 771 F.2d 424 (1985). In the matter of Case No. MJ-14-00030 (JPD), please accept this AFFIDAVIT summarizing the credential investigation which the Undersigned has been conducting at least since the year 1996 A.D., with assistance of U.S. DOJ.

In particular, personnel of this Court have now touched the instant case, but without having produced a true and correct copy of the U.S. Office of Personnel Management Standard Form 61 APPOINTMENT AFFIDAVITS, expressly required by the Federal statutes at 5 U.S.C. 2903 (authority to administer), 2906 (custody) and 3331.

To satisfy the requirements of all reasonable due diligence, Defendant submitted nearly identical FOIA Requests to OPM and OMB, for proof that OPM had complied with all regulatory requirements, imposed by the

— 1 of 9 —

*(margin: Incorporated by reference is #14-CR-27-F (USDC/DWY))*

to discover SF-61s for employees such as U.S. Magistrate Judges, Clerks and Deputy Clerks of Court.

Court employees who have failed or refused to disclose valid SF-61s include, but are not limited to:

(a) James P. Donohue dba Magistrate
(b) Brian Tsuchida dba Magistrate
(c) William M. McCool dba Clerk of Court

for the Executive Branch, and to the best of his memory, Defendant has also used the FOIA to request valid SF-61s for Jenny A. Durkan, OUSA in Seattle; Christopher A. Crofts, OUSA in Cheyenne, Wyoming; and L. Robert Murray, OUSA, Cheyenne, Wyoming.

In the IRS, Defendant used the FOIA to request valid SF-61s for James Marcy and Dave Guest. See Chrysler Corp. v. Brown. [fn 23]

No SF-61s were produced for Messrs. Donohue, Tsuchida, and McCool!

The SF-61s produced for Durkan, Crofts, Murray, Marcy and Guest all displayed no OMB control number; and, in some cases those "bootleg" requests failed to display any citation to 5 U.S.C. 2903 (authority to administer).

Whenever resorting to a NOTICE AND DEMAND, instead of a FOIA Request, Defendant relied upon the definition of "demand" in Black's Law Dictionary, 6th Edition, whereby "demand" necessarily implies a

- 3 of 9 -

right of some kind. In this context, the SF-61 required by 5 U.S.C 3331, 3332, 3333 is a legislative implementation of the Oath of Office Clause at Art. VI, Sec. 3, in the Constitution for the United States of America, as lawfully amended. As such, the Oath of Office on each SF-61 is Defendant's <u>Fundamental Right</u>. In this context, see <u>Miranda v. Arizona</u> ("rights secured by the Constitution") read <u>Fundamental Right</u>.

In light of all the above, Defendant is now claiming justification for concluding the following, under 19 Op. Atty. Gen. 219 (1889):

(a) James P. <u>Donohue</u> cannot sign any orders, nor preside on any hearings;
(b) Brian <u>Tsuchida</u> cannot sign any orders, nor preside on any hearings;
(c) William M. <u>McCool</u> cannot put his authorized signature on any "process";
(d) Jenny A. <u>Durkan</u> cannot represent any government agency before this court;
(e) Christopher A. <u>Crofts</u> cannot represent any government agency before USDC, DWY;
(f) L. Robert <u>Murray</u> cannot represent any government agency before USDC, DWY;
(g) Stephan <u>Harris</u> cannot put his authorized signature on any "process";
(h) James <u>Maley</u> cannot be an employee of the U.S. Department of the Treasury;
(i) Dave <u>Guest</u> cannot be an employee of the U.S. Department of the Treasury.

— 4 of 9 —

Messrs. McCool & Harris are both claiming to be _de jure_ Clerks of Court who have both touched the instant case. Unfortunately, the absence of valid SF-61s renders both of them un_qualified_ to perform any duties assigned to the Office of Clerk: (a) they cannot maintain custody of any Court records, particularly their _own_ SF-61s, of which they are the legal custodians — or _should_ be the legal custodians — designated as such by 5 U.S.C. 2906; (b) they cannot summon or screen jurors, whether grand juries or petit (trial) juries, whether civil or criminal juries, insofar as neither has executed a valid SF-61 _and_ maintains legal custody of same; and, (c) they cannot sign any Court process that satisfies the statute at 28 U.S.C. 1691, because their signatures are not _authorized_ signatures, absent a valid SF-61 that is and remains in the legal custody of the Office of Clerk of Court, pursuant to 5 U.S.C. 2906.

NB: Insofar as personnel claiming to be lawful Clerks and Deputy Clerks do not have legal custody of their own valid SF-61s, then the entire Court is rendered _totally_ _impotent_ because it cannot issue _any_ process that satisfies the plain and simple requirements imposed on all "process" by the statute at 28 U.S.C. 1691. This deficiency also exists for "indictments" and "arrest warrants", for the _same reason_.

— 5 of 9 —

Court "orders" and "search warrants" must also comply with Section 1691 supra. See case law under 28 U.S.C.S. 1691 and 28 U.S.C.A. 1691, all of which case law is almost unanimous in their holding that violations of Section 1691 result in depriving the Court of jurisdiction in personam. Hence, Defendant's "objection!"

The absence of valid SF-61s for Messrs. McCool and Harris therefore calls for the conclusions that the so-called "search warrant" executed on 6/11/2013 was void; the so-called "arrest warrant" executed on 1/28/2014 was also void; and, the so-called "indictment" stamped 1/15/2014 is likewise void ab initio, for all of the reasons stated supra. No lawful Clerk!

Similarly, all Court hearings to date, on which either Mr. Donohue or Mr. Tsuchida attempted to preside, were null and void, ab initio; and, all rulings and "orders" issued during or after said hearings, were likewise null and void ab initio. See Carmine v. Bowen, U.S. v. Tweel, here.

The panel of federal citizens who attempted to issue the "indictment" in the instant case was not a lawfully convened federal grand jury, nor a lawfully screened grand jury.

This also means that the DOJ personnel who entered the grand jury room, did not attend, or conduct, an "official grand jury proceeding" in the instant case.

— 6 of 9 —

probable jury tampering and
Impersonating an Officer of the United States

For all of the reasons already explained above, Messrs Crofts and Murray entered the grand jury room without valid credentials, and thereby perpetrated a fraud upon the panel assembled in that room; moreover, such a fraud also constitutes probable cause that both committed, and conspired to commit, jury tampering and impersonating an officer of the United States. See 18 U.S.C. 912.

Lastly, and more to the merits of any "subpoenas" issued by the panel assembled in the grand jury room in Cheyenne, Wyo., it should now be abundantly clear that it was legally impossible for that panel to issue any valid "subpoenas" insofar as, and as long as, no valid OPM Standard Form 61 APPOINTMENT AFFIDAVITS were ever produced for any of the "players" named above; and insofar as, and as long as, the Office of Clerk of Court in Cheyenne failed to maintain legal custody of valid SF-61s for all Court personnel, no exceptions. See 5 U.S.C. 2906, 3331, 3332, 3333; 44 U.S.C. 3507.

## REMEDIES

Defendant therefore sincerely believes that the facts itemized above do fully justify ORDERS to the Office of the U.S. Attorney to show causes why this honorable Court should not take mandatory judicial notice, pursuant to FREV 201(c)(2),

- 7 of 9 -

of all records currently in the custody of both Clerks of Court in Seattle, Washington, and in Cheyenne, Wyoming; to show cause why all "orders" issued in the instant case should not be vacated; to show cause why all hearings conducted to date in the instant case should not be declared null and void; to show cause why the "search warrant" and "arrest warrant" were not both null and void ab initio; to show cause why the fate of Defendant's private personal and his intellectual properties, safe and sound as they were between 6/18/2009 and 6/11/2013, should not be fully disclosed to Defendant immediately; to show cause why the so-called "subpoenas", issued by a panel of federal citizens gathered at the federal Courthouse in Cheyenne, Wyoming, should not be declared null and void, and quashed for that reason; and, to show cause why a Civil RICO cross-complaint should not commence by naming all of the individuals mentioned above as individual Co-Defendants under 18 U.S.C. 1964(c), and possibly under 18 U.S.C. 241 and 242, and 42 U.S.C. 1985 and 1986; and, finally, to show cause why the alleged "indictment" should not be declared null and void ab initio, and why the instant case should not be dismissed with prejudice. So be it!

-8 of 9-

## VERIFICATION: 28 U.S.C. 1746

I, Paul Andrew Mitchell, B.A., M.S., hereby verify under penalty of perjury, under the laws of the United States of America, without (outside) the United States (federal government) that the above statement of facts and laws is true and correct according to the best of my current information, knowledge and belief, so help me God.

Dated: 2/7/2014 A.D.

Signed: Paul Andrew Mitchell, Sui Juris

Printed: Paul Andrew Mitchell, B.A., M.S.
All Rights Reserved (cf. UCC 1-308)

Foundation Authority: U.S. v. Callender, 25 F.Cas. 239 (1800)
Supplemental authorities: 5 U.S.C. 2903, 2906, 3331, 3332, 3333; 28 U.S.C. 453, 951; 44 U.S.C. 3507, 3512; U.S. v. Seesing, 234 F.3d 456 (9th Cir.); Franks v. Delaware, 438 U.S. 154; U.S. v. Sanders, 211 F.3d 711; U.S. v. Bukowski, 435 F.2d 1094 (7th Cir. 1970); U.S. v. Smyth, 104 F.Supp. 283 (DC Cal. 1952).

\* In re Grand Jury Application, 617 F.Supp. 199 (1985); Willy v. Coastal Corp., 503 U.S. 131 (1992) re: 18 USC 3231; 18 U.S.C. 1964(c) (Civil RICO), Liberal Construction;

\*\* 18 U.S.C.S. 1504: "Nothing in this section shall be construed to prohibit the communication of a request to appear before the grand jury." -- added to remove possibility a proper request to appear might be construed as a technical violation of this section.

8 of 8