Case Nos.: MJ 14-00030 JPD ✓

USDC/DWY: 14-CR-27-F

NOTICE OF BONA FIDE CONTROVERSY AT LAW

TO: Office of Chief Judge
U.S. District Court
700 Stewart Street
Seattle 98101
Washington State, USA

FROM: Paul Andrew Mitchell, B.A., M.S.
FDC SeaTac Reg. No. 44202-086, Unit "EA"

SUBJECT: proper distinction between
"civil officer" and "civil service"

Greetings Your Honor:

I honestly believe I have now isolated
one cause of the major misunderstandings
which have developed in the instant cases:
judges and clerks of court are properly
included within the meaning of "civil officers",
but they are not properly included
within the meaning of "civil service".
In what now follows, please allow this
Notice to document the controversy at law
that has arisen as a result of reconciling
those two terms, with citations to key
relevant authorities:

(1) A good starting place is the definition
of "civil officer" as found in The Law
Dictionary, Anderson Publishing Co. (2002).

— 1 of 9 —

"civil officer" — any officer of the United States who holds his appointment under the national government, whether his duties are executive or judicial ... with the exception of officers of the army and navy.

Clearly, the latter distinguishes military officers from civilian officers, but the latter are not equated with "civil service".

The U.S. Constitution is helpful here because it requires an Oath of Office of all "executive and judicial Officers". That Fundamental Law necessarily implies that "civil officers" exist in both the Executive and Judicial Branches of the federal government. As such, all judicial officers are required by Art. VI, Sec. 3 above to execute a valid Oath of Office, irrespective of any definition which excludes judicial officers from the meaning of "civil service".

(2) The statute at 5 U.S.C. 2104 is very helpful where it defines "officer" to mean a justice or judge. As such, both are "civil officers" but not necessarily members of the "civil service", strictly speaking.

The controversy at hand rears its head where that statute reads: "an individual who is (1) required by law to be appointed in the civil service by ... a court of the United States ...." NB: "in the civil service".

— 2 of 9 —

(2) continued

The clarification in the U.S. Code Service is very instructive where it interprets Section 2104 to refer to "civil officers of the United States" and not to the "civil service", strictly speaking:

"The term 'officer' is coextensive with and substituted for 'Each individual appointed hereafter as a civil officer of the United States ... by a court of law ...' in view of the definition of 'officer' at 5 U.S.C. 2104." See Notes under 5 U.S.C.S. 3332 here.

(3) Federal judges are therefore correctly described as "officers" and as "civil officers", even though they are not described as members of the "civil service" i.e. in the Executive Branch and only in that Branch. The controversy rears its head again, however, when we try to describe Clerks of Court and Deputy Clerks of Court:

Using the clarification above, a Clerk of Court must be an "officer" because that individual is appointed by a court of the United States. See 28 U.S.C. 751. Moreover, a Clerk of Court is also correctly described as a "civil officer", even though that office is not in the "civil service". Lastly, there is authority for concluding that Deputy Clerks of Court are also "officers". See Ex parte Burdell, 32 F. 681: "He takes the same oath of office as the Clerk of Court."

- 3 of 9

(4) A major problem at hand is to decide if the term "officer" at 5 U.S.C. 3332 is limited to "civil officers" in the Executive Branch, on the one hand, or expanded with "civil officers" in the Judicial Branch, on the other hand. The clarification at (2) above helps us to decide that "officer" at Section 3332 embraces both Executive and Judicial Branch officers.

Therefore, we are justified in concluding that the second affidavit required by Section 3332 is an obligation that is imposed upon justices, judges, magistrates, clerks and deputy clerks of court. This conclusion is justified by all of the evidence above, notwithstanding the use of "civil service" at 5 U.S.C. 2104(a)(1). Here, cf. OPM SF-61.

(5) The controversy at hand is further fueled by expanding this Notice also to examine 5 U.S.C. 3331. Some courts have already ruled that Section 3331 applies only to those in the "civil services" i.e. Executive Branch, or the "uniformed services" i.e. military, but not to judicial officers. See In re Anthony, 481 BR 602 (2012). Similarly, Miller v. Johnson, 541 F.Supp. 1165 (1982), says the same thing: "... judges serve in the judicial branch, not in the 'civil or uniformed services'." The 6th Circuit also quotes Miller with approval in U.S. v. Concess, 507 F.3d 1028 (2007).
— 4 of 9 —

(6) Another important piece of this puzzle is the statute at 5 U.S.C. 2906, which defines the legal custodian for the general Oath of Office imposed by 5 U.S.C. 3331. Specifically, that Oath is delivered to, and preserved by, the "court to which the office pertains." As such, Section 2906 clearly requires all judicial officers to deliver their 3331 Oaths to the court because their offices pertain to the court that employs them; their offices do not pertain to either House of Congress, nor to any Executive Branch positions; and, 2906 thus defines a duty for the Office of Clerk.

(7) In direct contradiction of the clear language Congress enacted at Sec. 2906, one federal district court has ruled otherwise. In Miller v. Johnson, supra, the court ruled that 2906 does not apply to judges, and Sec. 3331 only applies to individuals who take an oath "in the civil service or uniformed services." The problem here can be resolved by construing 3331 to be maintaining the distinction between civilian positions and military positions, not by restricting "civil service" to Executive Branch positions. Once again, see the clarification at (2) above: 2104 refers to "civil officers" not "civil service".

(8) The Miller court also ruled that:
"The Administrative Office keeps judges' personnel records under authority vested in the Director by 28 U.S.C. 604." The latter is a curious claim, in part because of the clear language in the reference to "court"

(8) continued

in Section 2906, and the long PAST DUE SUBPOENA which this writer served upon the A.O. for all Oaths of Office in the A.O.'s custody for all justices, judges, magistrates, clerks and deputy clerks, no exceptions. The A.O. never produced a single Oath in response to that SUBPOENA; in stark contrast to the ruling in Miller, discussed above. Moreover, there is absolutely no mention of any oaths, or custody of any oaths, in the A.O. Director's duties as defined at 28 U.S.C. 604. Compare 5 U.S.C. 2906; it clearly designates the "court" as the legal custodian, not the A.O. The A.O. is obviously not a court! In practical terms, 2906 keeps oaths in the courthouses where litigants can easily access them, not in some distant government office building located in the District of Columbia!

(9) This writer now feels compelled to offer the following points, by way of settling this Bona Fide Controversy at Law:

(a) The Fundamental Law requires an Oath of all judicial officers;

(b) Justices, judges, magistrates, clerks and deputy clerks are all defined as judicial officers;

(c) All judicial officers must execute the three affidavits required by 5 U.S.C. sections 3331, 3332 and 3333;

(d) All 3 affidavits are presently found on a single form, known as the OPM Standard Form 61 APPOINTMENT AFFIDAVITS;

(e) 5 U.S.C. 2906 clearly cites the court as the legal custodian of the SF-61 for each and every judicial officer employee by the court;

(f) The A.O. is not a "court" and, as such, it is not the designated legal custodian of any oaths required of any judicial officers;

(g) The consistent practice of numerous federal judges — spanning many decades — has been to execute OPM SF-61 APPOINTMENT AFFIDAVITS; the resulting pattern has enormous weight;

(h) Clerks and Deputy Clerks of Court should also execute SF-61 and maintain custody of same;

(i) Although judicial oaths are a "matter of public record," In re Anthony supra, FOIA exempts the entire judicial branch at 5 U.S.C. 551;

(j) Court clerks routinely refuse to honor FOIA requests for oaths, citing 5 U.S.C. 551;

— 7 of 9 —

(k) Such refusals by clerks violate a holding in *Miranda v. Arizona*, to wit: "where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them";

(l) Therefore, the FOIA exemption for the judiciary should be amended to authorize FOIA requests for the APPOINTMENT AFFIDAVITS and OATHS OF OFFICE of all judicial officers;

(m) An even better solution is to publish electronic copies of these credentials on the Internet, in addition to maintaining custody of the originals at the "court to which the office pertains"; and,

(n) The Library of Congress maintains an electronic registry of Agents for Notification of Copyright Infringement Claims. That registry is an excellent model for publishing judicial credentials on the Internet! See 17 U.S.C. for copyright laws.

## INCORPORATION

The Undersigned hereby incorporates the following document by reference, as if set forth fully here:

MEMORANDUM OF LAW RE:
CLERK OF COURT IS AN OFFICER (2/10/2014)

— 8 of 9 —

VERIFICATION: 28 U.S.C. 1746

I, Paul Andrew Mitchell, B.A., M.S., hereby verify under penalty of perjury, under the laws of the United States of America, without the United States (federal government) that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge and belief, so help me God.

Dated: 2/12/2014 A.D.

Signed: Paul Andrew Mitchell, B.A., M.S.

Printed: Paul Andrew Mitchell, Sui Juris

All Rights Reserved (UCC 1-308)

FEDERAL DETENTION CENTER
NAME: Paul Andrew Mitchell, Pro Per
REG: 44203 - 086 __ UNIT: EA
P.O. BOX 13900
SEATTLE, WA. 98198-1090
(Not "Pro se")

"Special Mail"
Confidential

All Rights Reserved
(cf. UCC 1-308)

SEATTLE WA 980

18 FEB 2014   PM 2 L

LEGAL MAIL

TO: Office of Chief Judge
U.S. District Court
700 Stewart St.
Seattle 98101
Washington State USA
98101

Please copy and file in docket
# 14-CR-27-F
(USDC/Dwy)

Case No. MJ 14-00030 JPD

THIRD AFFIDAVIT OF PROBABLE CAUSE

TO: Office of Chief Judge          Ref. #14-CR-27-F
U.S. District Court                 (USDC/DWY)
700 Stewart Street
Seattle 98101
Washington State, USA

FROM: Paul Andrew Mitchell, B.A., M.S.
FDC SeaTac Reg. No. 44202-086, Unit "EA"

SUBJECT: ongoing investigation of one
William M. McCool dba Clerk of Court

Greetings Your Honor:

In the matter of Case No. MJ-14-00030-JPD,
please accept this AFFIDAVIT summarizing
a body of evidence assembled in connection
with three (3) different places where the
Undersigned encountered one William M. McCool,
at various times in the past, to wit:
(1) Tucson, Arizona, where I was authorized
by the late U.S. District Judge John M. Roll
to defend a trust against a grand jury
"subpoena". Cf. In Re Grand Jury Subpoena
served on New Life Health Center; and, where
I volunteered to look for approximately
2,500 missing children implicated as victims
in human trafficking;
(2) Tallahassee, Florida, where I again
encountered Mr. McCool on the staff of
the Clerk's Office of the U.S. District Court
located in that Florida city; and,

— 1 of 3 —

(3) Seattle, Washington, where I again encountered Mr. M^cCool in connection with the ongoing investigation of missing and defective credentials, upon which the U.S. Dept. of Justice has actively assisted at least since the year 2001 A.D., and before.

In Florida, I do specifically remember lodging a formal Mail Fraud Report against Mr. M^cCool with the U.S. Postal Inspection Service, for violating 28 U.S.C. 1691.

In Seattle, I have had five (5) separate meetings with the Deputy U.S. Marshal assigned to me in my capacity as a federal witness. At those meetings, the main topic was the credential investigation summarized at length in my SECOND AFFIDAVIT OF PROBABLE CAUSE (filed separately).

Mr. M^cCool's rubber stamp was used on the "search warrant" executed 6/11/2013. I followed that raid with two (2) verified criminal complaints charging Messrs. James Maloy and Dave Guest at the District Court of Wyoming, Cheyenne, and the District Court of Colorado Ft. Collins.

In a somewhat separate matter, I lodged another Mail Fraud Report against the Registrar of the University of Washington, Seattle. Attached to the latter Report was a set of Exhibits entitled "The Case Against William M. M^cCool," beginning with documents filed in connection with the Tucson events described at (1) above, and including a number of other documents

— 2 of 3 —

Most unfortunately, under present circumstances I do not have ready access to the private databases which I have assembled on my computer workstations, where all Exhibits listed in the case against William M. McCool are stored.

Without having access to my computer workstations, I cannot at this time access, or print, any of the documentation that is summarized above.

And, speaking only for myself here, this whole situation, begun on 1/28/2014, is a major, catastrophic disaster for me.

## VERIFICATION: 28 U.S.C. 1746

I, Paul Andrew Mitchell, B.A., M.S., hereby verify under penalty of perjury, under the laws of the United States of America, without (outside) the United States (federal government) that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge and belief, so help me God.

Dated: 2/9/2014 A.D.

Signed: Paul Andrew Mitchell, B.A., M.S.
Printed: Paul Andrew Mitchell, Sui Juris
All Rights Reserved (cf. UCC 1-308)

— 3 of 3 —

FEDERAL DETENTION CENTER
NAME: Paul Andrew Mitchin
REG: 44302-086   UNIT: EA
P.O. BOX 13900
SEATTLE, WA. 98198-1090

"Special Mail"
Confidential

All Rights Reserved
(cf. UCC 1-308)

LEGAL MAIL

TO: Office of Chief Judge
U.S. District Court
700 Stewart St.
Seattle 98101 ←
Washington State USA
98101

Please also copy and file in docket

# 14-CR-27-F
(USDC/DWY)

Thank you.



Magistrate Judge James P. Donohue

FILED          ENTERED
LODGED         RECEIVED
JAN 28 2014
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,          )
                                   )   CASE NO. MJ14030
        Plaintiff,                 )
                                   )   GOVERNMENT'S MOTION
        v.                         )   FOR DETENTION
                                   )
MITCHELL, PAUL MODELESKI,          )
                                   )
        Defendant.                 )

The United States moves for pretrial detention of the Defendant, pursuant to
18 U.S.C. § 3142(e) and (f).

1. **Eligibility of Case.** This case is eligible for a detention order because this case
involves (check all that apply):

_____ Crime of violence (18 U.S.C. § 3156)

_____ Crime of Terrorism (18 U.S.C. § 2332b(g)(5)(B)) with a maximum sentence of
ten years or more

_____ Crime with a maximum sentence of life imprisonment or death

_____ Drug offense with a maximum sentence of ten years or more

MOTION FOR DETENTION- MODELESKI - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Handwritten annotations:

REFUSED FOR CAUSES:

OPM/SF-61 is one enforced by NT

JENNY A. DURKAN control number required by OMB's Paperwork Reduction Act, hence violated PRA's Public Protection Clause

AT XXV U.S.C. § 552(a); MOST DUE and never disclosed to a proper response

it required 28 U.S.C. 24 DURKAN never, however, request for "SARAH Y.

FOR A DEFENDANT who is not charged with ALL CAPS

"VOGEL [sic] "nom de guerre"/war name in French) is not named, "SARAH YOPLAIT's state of home!" Defendant is not chosen

of obsolete given Proper Name, mixed war on 50 States

Citizens, and Treason see next page ..."



Felony offense and defendant has two prior convictions in the four categories above, or two State convictions that would otherwise fall within these four categories if federal jurisdiction had existed

Felony offense involving a minor victim other than a crime of violence
Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon

Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250)

Serious risk the defendant will flee

Serious risk of obstruction of justice, including intimidation of a prospective witness or juror

2. **Reason for Detention:** The Court should detain defendant because there are no conditions of release which will reasonably assure (check one or both):

Defendant's appearance as required

Safety of any other person and the community

3. **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against defendant under § 3142(e). The presumption applies because:

Probable cause to believe defendant committed offense within five years of release following conviction for a "qualifying offense" committed while on pretrial release.

Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more

Probable cause to believe defendant committed a violation of one of the following offenses:  18 U.S.C.§§ 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), 2332b(g)(5)(B) (crime of terrorism)

Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. §§ 1591, 1241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

MOTION FOR DETENTION - MODELESKI - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

*p.s. Abrogation Clause in Title 18 revision was later replaced with statute concerning victims' rights. (TM 18 U.S.C. 3771 circa June 25, 1948)*

**4. Time for Detention Hearing.** The United States requests the Court conduct the detention hearing:

___ At the initial appearance

_✓_ After continuance of _3_ days (not more than 3)

**5. Other matters.**

DATED this 28th day of January, 2014.

Respectfully submitted,

*ALL CAPS "nom de guerre" is formally refused for causes: see Pages 1 and 2 supra.*

JENNY A. DURKAN   → *Not!*
United States Attorney

SARAH Y. VOGEL   → *see FOIA request, pending.*
Assistant United States Attorney

*Sincerely yours,*

*Paul Andrew Mitchell, B.A., M.S., Private Attorney General, 18 U.S.C. 1964, and now Acting United States Attorney General in Fact, due to fatally defective SF-61 for Mr. Eric H. Holder, Jr. dba U.S. Attorney General.*

MOTION FOR DETENTION- MODELESKI - 3

*All Rights Reserved (cf. UCC 1-308)*

FEDERAL DETENTION CENTER
NAME: Paul Vodpius Hutchur
REG: 44203-086   UNIT: EA
P.O. BOX 13900
SEATTLE, WA. 98198-1090

"Special Mai!"
Confidential

All Rights Reserved
(cf. UCC 1-308)

SEATTLE WA 980

LEGA 20 FEB 2014 PM L 61

TO: Office of Chief Judge
U.S. District Court
700 Stewart St.
Seattle 98101
Washington State, USA
98101

All Rights Reserved
(cf. UCC 1-308)

<u>Please</u> copy and file in dockets
# 14-CR-27-F (USDC (Dwy) and
# MJ-14-00030 "JPD" (Seattle)

Cf. 28 U.S.C. §305, 1345, 1346;
Article III ("United States as Party);
records of Delaware Secretary of State
+ Washington State Secretary of State.



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

NO. MJ14-30

v.

MITCHELL PAUL MODELESKI,

Defendant.

DETENTION ORDER

Offenses charged:

Count 1:        Conspiracy to Obstruct Justice

Counts 2-7:     Obstruction of Justice and Aiding and Abetting

Counts 8-9:     Obstruction of Justice

Date of Detention Hearing: January 31, 2014.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.      Defendant is charged in an indictment with 8 counts of obstruction of justice, raising substantial issues of obstruction if released.

2.      Defendant has little verifiable background information.

DETENTION ORDER
18 U.S.C. § 3142(i)
Page 1

3.  Defendant has made it clear he will not go to the District of Wyoming willingly.

4.  Defendant does not believe the Court has authority over him and will not comply with Court Orders.

5.  This ruling is without prejudice to defendant to ask for further review when he makes his initial appearance in the District of Wyoming.

6.  There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required in the District of Wyoming.

IT IS THEREFORE ORDERED:

(1)  Defendant shall be detained pending his initial appearance in the District of Wyoming and shall be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)  The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 31st day of January, 2014.

James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
Page 2



FEDERAL DETENTION CENTER
NAME: _Paul Andrew Mitchell_
REG: _44202-086_   UNIT: _EA_
P.O. BOX 13900
SEATTLE, WA. 98198-1090

_LEGAL_

"Special Mail"
Confidential

All Rights Reserved
(cf. UCC 1-308)

TO: Office of Chief Judge
U.S. District Court
700 Stewart St.
Seattle 98101
Washington State, USA

Please copy and file in dockets
#14-CR-27-F (USDC/DWY) and
#MJ 14-00030 "JPD" (Seattle)